IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-127-BO-1
No. 7:10-CV-205-BO

| | | |
|---|---|---|
| JOSE MENDOZA-MIGUEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Respondent's Motion to Dismiss [DE 143] Petitioner's Motion to Vacate, Set Aside, or Correct his sentence [DE 139] pursuant to 28 U.S.C. § 2255. In his § 2255 petition, Mr. Mendoza-Miguel requests that this Court correct his sentence in light of his lawyer's ineffective assistance of counsel during the guilt and sentencing phases of Petitioner's criminal proceeding. The government requests dismissal of Mendoza-Miguel's petition as untimely. For the following reasons, the government's motion to dismiss is DENIED and this matter is set for an evidentiary hearing.

## BACKGROUND

On May 4, 2009, Petitioner pled guilty, pursuant to a Memorandum of Plea Agreement [DE-109], to conspiracy to distribute, and possess with the intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On September 15, 2009, this Court entered judgment as to Petitioner, sentenced him to 135 months of imprisonment, and imposed other punishments [DE-129]. Petitioner neither filed a notice of appeal with this Court nor did he file an appeal with the United States Court of Appeals for the Fourth Circuit.

On October 12, 2010, Petitioner filed the instant motion to vacate, set aside or correct his

sentence [DE 139]. Petitioner alleges that his privately retained lawyer provided ineffective assistance of counsel throughout the guilt and sentencing phases of his criminal case [DE 139-1 at pp. 1-2].

DISCUSSION

A.   The Timeliness of Petitioner's Motion

The government requests dismissal of Petitioner's § 2255 petition as untimely. Although the petition is technically untimely as the government contends, the Court nevertheless denies the government's motion because the doctrine of equitable tolling applies and saves Petitioner's untimely petition from dismissal.

Subsection (f) of 28 U.S.C. § 2255 establishes a limited filing period for federal prisoners seeking section 2255 relief. *See* 28 U.S.C. § 2255(f)(1). The section provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from [*inter alia*]...(1) the date on which the judgment of conviction becomes final. . . ." *Id.*

In the instant case, the parties dispute when Petitioner's judgment of conviction became "final" for purposes of determining the running of the statute of limitations. Petitioner believes his judgment became final on September 25, 2009, when the time to file a notice of Appeal under Fed. R. App. P. 4(b)(4) expired [DE 145, at p.2]. The government, on the other hand, contends the Petitioner's statute of limitations for filing a § 2255 claim began to run on the date this Court's Judgement was entered–September 15, 2009. The government is correct.

The Circuit Courts are split as to when a judgment of conviction becomes final for purposes of § 2255(f)(1), where, as here, the Defendant files no appeal. The Second, Third, Sixth, Tenth and Eleventh Circuits have held that "the judgment becomes final upon the

2

expiration of the period in which the defendant *could have appealed* to the court of appeals. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (emphasis added). *Accord United States v. Prows*. 448 F/3d 1223, 1227-28 (10th Cir. 2006); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). This is the standard Petitioner urges the Court to apply. Petitioner's argument, however, is foreclosed by Fourth Circuit precedent.

In this Circuit, where no appeal has been filed, the judgment of conviction becomes final on the date the district court enters judgment, and not "upon the expiration of the period in which the defendant could have appealed to the court of appeals." *See United States v. Sanders*, 247 F.3d 139, 142. (4th Cir. 2001).

Here, as in *Sanders*, Petitioner did not pursue an appeal with the Fourth Circuit. Consequently, his conviction become final on September 15, 2009–the date this Court entered judgment. Accordingly, § 2255(f)'s one year statute of limitations period expired on September 15, 2010. The only unresolved issue, then, is whether the Petitioner filed the instant motion before or after September 15, 2010. If Petitioner filed the motion on or before that date, the motion is timely; if, however, Petitioner filed after September 15, 2010, his § 2255 motion is barred.

A special "mailbox rule" determines when a *pro se* prisoner's § 2255 motion is "filed" for purposes of the one-year statute of limitations. Under this rule, a motion is considered filed on the date the prisoner delivers it to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266 (1988).

3

Here, the envelope bearing Petitioner's motion is stamped as having been received by prison officials on October 7, 2010 [139-3]. However, October 7, 2010 is not the only potential date that the Petitioner "filed" his motion. Petitioner contends he "deposited the [motion] in the prison mail system" on September 21, 2010, over two weeks prior to the date stamped on the envelope [DE 145, at p. 2].

Here, the contradiction between the two alleged filing dates is irrelevant, because even if the Court accepts the earlier of the two dates as the date the motion was filed, Petitioner still missed the filing deadline. The *earliest* Petitioner claims he filed the motion was on September 21, 2010, which was still six days *after* the filing deadline pf September 15, 2010. It is undeniable, then, that Petitioner's motion was not timely filed under 28 U.S.C. § 2255(f)(1).

Petitioner requests, however, if his motion is found to be untimely, that the Court equitably toll the running of the statute of limitations to bring Petitioner's motion within filing period. In the Fourth Circuit, the "extraordinary circumstances" test applies to the application of equitable tolling. *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001). Under this test, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). As the name of the test implies, the circumstances in which equitable tolling applies are exceedingly rare:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be

4

reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Rouse*, 339 F.3d at 246 citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner claims he satisfies the extraordinary circumstances test because 1) he does not read, write, or speak English, 2) the BOP does not provide any legal materials in Spanish at FCI Sandstone where Petitioner is incarcerated, and 3) despite Petitioner's requests dating to at least June 3, 2010 to the present, Petitioner's lawyer, Carlton Mansfield, failed to convey copies of Petitioner's file to Petitioner.

Given these extraordinary facts, the Court finds that the equitable tolling doctrine can properly be invoked in this case. The Court notes with particular consternation the alleged dilatory tactics of Petitioner's lawyer. It is the opinion of the Court that a Petitioner cannot be deemed entirely responsible for the timeliness (or untimeliness) of his filings where the Petitioner's lawyer fails to discharge his duty to timely communicate with his client. In this narrow factual setting, where the Petitioner has shown diligence in pursuing his rights but extrinsic and extraordinary circumstances prevented his timely filing, "it would be unconscionable to enforce [§ 2255(f)(1)'s] limitation against him". *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Accordingly, the Court equitably tolls the running of the limitations period under 28 U.S.C. § 2255(f)(1) to conform Petitioner's motion with the requirements of that statute.

B.  Petitioner's Ineffective Assistance of Counsel Claim

In his § 2255 petition, Petitioner contends his privately-retained counsel was ineffective throughout the guilt and sentencing phases of Petitioner's criminal proceedings. To sustain this

5

claim, petitioner must demonstrate that (1) his counsel's performance was deficient and (2) that deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong is met only where counsel's performance falls "below an objective standard of reasonableness." *Id.* at 688. "Review of counsel's performance is 'highly deferential[,]' " and the court operates under the "strong presumption that [counsel's] performance was within the extremely wide range of professionally competent assistance." *Baker v. Corcoran*, 220 F.3d 276, 293 (4th Cir.2000) (citation omitted). The second prong of *Strickland*'s ineffective assistance test is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To demonstrate prejudice at sentencing, petitioner must show a reasonable probability that he would have received a more lenient sentence. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001).

Here, Petitioner makes a number of factual allegations in support of his claims of ineffective assistance of counsel. Petitioner claims that his attorney, Carlton Mansfield:

1) failed to advise Petitioner of the consequences a felony conviction would have on Petitioner's immigration status;

2) failed to advise Petitioner on the intricacies of the United States Sentencing Guidelines (U.S.S.G.) "regarding relevant conduct, statutory mandatory minimum or maximum sentences, [or] guideline calculations;"

3) failed to appear at Petitioner's Presentence Investigation Report interview before sentencing;

4) failed to pursue sentencing reductions, including reductions under 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1, and the federal "safety valve" under U.S.S.G. § 5C1.2; 5 and codified at 18 U.S.C. § 3553(f);

5) erroneously and egregiously informed Petitioner that absent Petitioner's hastily

6

admitted plea, the undersigned would sentence Petitioner above the recommended guideline range;

6) failed to discuss the terms of Petitioner's plea agreement or to discuss the waiver of Petitioner's right to appeal or to file a post-conviction action;

7) improperly coerced Petitioner to plead guilty; and

8) failed to discuss, convey, or show to Petitioner any of the government's discovery.

[DE 139-1].

In light of the foregoing, it is the opinion of the Court that Petitioner has raised a colorable claim of ineffective assistance of counsel. The Court is particularly concerned with Petitioner's allegations of ineffective assistance of counsel relating to the sentencing phase of Petitioner's case. The Court finds that further inquiry is warranted into this matter.

## CONCLUSION

For the reasons provided above, the Respondent's Motion to Dismiss [DE 143] is DENIED. This Court DIRECTS the Clerk to set this matter for an evidentiary hearing in which counsel may probe the merits of Petitioner's ineffective assistance of counsel claim. The Court DIRECTS the Office of the Federal Public Defender to appoint counsel to represent Petitioner at the evidentiary hearing. The Court further ORDERS that appointed-counsel file a notice of appearance within seven days from the entry of this order.

SO ORDERED.

This the, _21_ day of December, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE