IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-127-BO-1
No. 7:10-CV-205-BO

| | |
|---|---|
| JOSE MENDOZA-MIGUEL,<br>　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | **O R D E R** |

The Court has before it a Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C § 2255 [DE 139] filed by Petitioner Jose Mendoza-Miguel. Mr. Mendoza-Miguel's Petition is hereby DISMISSED WITH PREJUDICE.

I. BACKGROUND

On May 4, 2009, Petitioner pled guilty, pursuant to a Memorandum of Plea Agreement, to conspiracy to distribute and possess with the intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On September 15, 2009, this Court entered judgment as to Petitioner, sentenced him to 135 months of imprisonment, and imposed other punishments [DE-129]. Petitioner filed neither a notice of appeal with this Court nor an appeal with the United States Court of Appeals for the Fourth Circuit.

On October 12, 2010, Petitioner filed the instant Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [DE 139]. Petitioner alleges in his Motion that his privately retained lawyer provided ineffective assistance of counsel throughout the guilt and sentencing phases of Petitioner's criminal case [DE 139-1 at pp. 1-2].

By a written Order [DE 146] dated December 21, 2010, this Court denied Respondent's

Motion to Dismiss [DE 146] the Petition. In denying the Respondent's Motion to Dismiss, the Court found that the allegations contained in the Petition [DE 139] and in the declaration attached thereto [DE 139-1] were sufficient to warrant application of the doctrine of equitable tolling. By application of the doctrine of equitable tolling, the Court determined that Petitioner's otherwise untimely Petition was saved from dismissal. Accordingly, the Court further ordered that the Petition be set for an evidentiary hearing.

On April 6, 2011, the Court received evidence and heard argument from the parties[1] at an evidentiary hearing in Raleigh, North Carolina. At the outset of the hearing, the Court reconsidered and clarified its Order of December 21, 2010. The Court informed the parties that notwithstanding any language in the December 21, 2010 Order, Petitioner had made merely a prima facie showing that the doctrine of equitable tolling saved his untimely Petition from dismissal. The Court noted that the allegations contained in the Petition were only allegations until they were established by a preponderance of the evidence. Accordingly, the Court informed Petitioner that it was his burden at the hearing to show that the doctrine of equitable tolling applied to save his untimely Petition from dismissal. If Petitioner could not meet his burden on the threshold issue of timeliness, then a consideration of the merits of Petitioner's claim would be barred by ADEPA.[2]

The Court recessed briefly and then took evidence from the Petitioner. The evidence showed that Petitioner did not in fact draft the § 2255 Motion nor any of its supporting documents presently

---

[1] The parties were represented by counsel at the April 6, 2011 evidentiary hearing. Seth Wood appeared on behalf of Respondent and Jerry Wayne Leonard appeared on behalf of the Petitioner.

[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").

before the Court. The evidence showed that Petitioner's Motion and all of its supporting documentation were drafted by fellow inmate and disbarred attorney Donald Roth. The evidence showed that Petitioner signed and filed the documents Mr. Roth drafted but that Petitioner did not comprehend the contents of those documents. Instead, the evidence established that Petitioner compliantly signed the documents Mr. Roth drafted after Mr. Roth told Petitioner that doing so would give him an opportunity to appeal his sentence.

Based on the evidence presented at the hearing, the Court finds that Petitioner has failed to establish that the doctrine of equitable tolling saves his untimely Petition from dismissal. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 will be dismissed with prejudice.

## II. DISCUSSION

A. <u>There Is No Basis To Equitably Toll the Statute Of Limitations</u>

At the outset, the Court reiterates its prior finding that Petitioner's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C § 2255 is untimely [DE 146] (Order at 4.) The Court must now address Petitioner's request that the Court apply the doctrine of equitable tolling to save his untimely Petition from dismissal.[3] Petitioner's request will be denied because this Court lacks sufficient legal grounds to equitably toll the statute of limitations.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:

---

[3]The Supreme Court has never "squarely addressed the question [of] whether equitable tolling is applicable to AEDPA's statute of limitations." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005). However, the Fourth Circuit, having been faced with the issue, has ruled that in certain limited circumstances, equitable tolling can be invoked to save a time-barred § 2255 motion. *E.g. Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) *cert. denied*, 541 U.S. 905 (2004).

3

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is rarely invoked by the federal courts; the doctrine's application is so rare, in fact, that as of 2006, one Circuit Court declared it had "yet to identify a circumstance that justifie[d] equitable tolling in the collateral relief context." *Poe v. United States*, 468 F.3d 473, 476 n. 5 (7th Cir. 2006) (internal quotation marks omitted) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) and *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003)).

Based on the facts established at the April 6, 2011 hearing, the Court finds that equitable tolling is not warranted in this case. Although Petitioner has pursued his rights diligently, no "extraordinary circumstance" stood in his way of filing a § 2255 motion within AEDPA's one year filing period. Petitioner's inability to access legal materials in Spanish–his only proficient language–is not a sufficient basis to warrant the doctrine of equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (prisoner's limited proficiency in English does not constitute extraordinary circumstances).

Petitioner's only other allegation bearing on the "extraordinary circumstances" of his case is that his privately retained lawyer failed to timely convey Petitioner's legal file to Petitioner. However, this allegation was discredited *in toto* at the evidentiary hearing. Petitioner admitted at the hearing that he did not understand the substantive allegations that Donald Roth included in the Petition. Petitioner compliantly signed whatever documents Mr. Roth produced, believing that doing so would secure him some sort of appeal. When given the opportunity at the evidentiary hearing, Petitioner failed to show that the actions of his privately retained lawyer in any way hindered

4

Petitioner from filing a § 2255 motion before the filing deadline. In sum, the allegations of dilatory tactics on the part of Petitioner's lawyer were either not substantiated or directly contradicted by Petitioner's testimony at the hearing.

No other credible evidence was presented at the hearing that would justify an application of the doctrine of equitable tolling. Accordingly, the Court finds that Petitioner's § 2255 Motion is untimely, that equitable tolling does not apply to the facts of this case, and that Petitioner's Motion is subject to dismissal under 28 U.S.C. § 2255(f)(1).

B. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a

5

Case 7:08-cr-00127-BO   Document 161   Filed 04/13/11   Page 5 of 6

constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

### III. CONCLUSION

As set forth above, Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant To 28 U.S.C § 2255 [DE 139] is DISMISSED WITH PREJUDICE.

DONE AND ORDERED, this 12 day of April, 2011.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE